## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

CAROLE GRANT-HALL; PAUL J. ASIAMA;    )
CORNELIUS GRAY; JENA PERRY; and    )
JAMES M. KLIMA; on behalf of themselves    )
and the class memberS described below,    )
    )    11cv1832
    Plaintiffs,    )
    )    Judge Feinerman
    vs.    )
    )    Magistrate Judge Cole
CAVALRY PORTFOLIO SERVICES, LLC;    )
ARTHUR B. ADLER & ASSOCIATES, LTD.    )
d/b/a ADLER & ASSOCIATES, LTD.;    )
LAW OFFICE OF KEITH S. SHINDLER, LTD.,    )
d/b/a THE SHINDLER LAW FIRM, and    )
KEVIN M. KELLY, P.C.,    )
    )
    Defendants.    )

## SECOND AMENDED COMPLAINT – CLASS ACTION

## INTRODUCTION

1.      Plaintiffs bring this action to secure redress against unlawful collection practices engaged in by Cavalry Portfolio Services, LLC ("Cavalry") and its attorneys  Kevin M. Kelly, P.C. ("Kelly"), Adler & Associates, Ltd. ("Adler"), and Law Office of Keith S. Shindler, Ltd., d/b/a The Shindler Law Firm ("Shindler").  Plaintiffs allege violation of the Illinois Collection Agency Act, 225 ILCS 425/1 et seq. ("ICAA") and Illinois Consumer Fraud Act, 815 ILCS 505/2 ("ICFA"), by Cavalry, and the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA") by all defendants.

2.      The Illinois Collection Agency Act reflects a determination that "The practice as a collection agency by any entity in the State of Illinois is hereby declared to affect the public health, safety and welfare and to be subject to regulation and control in the public interest. It is further declared to be a matter of public interest and concern that the collection agency profession merit and receive the confidence of the public and that only qualified entities be permitted to practice as a collection agency in the State of Illinois. This Act shall be liberally

1

construed to carry out these objects and purposes. . . . It is further declared to be the public policy of this State to protect consumers against debt collection abuse."  225 ILCS 425/1a.

3.     The ICFA prohibits unfair practices in the conduct of trade and commerce in Illinois.

4.      The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses, or abuses any debtor; and any false, deceptive, or misleading statements in connection with the collection of a debt; it also requires debt collectors to give debtors certain information.  15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

## PARTIES

5.     Plaintiff Carole Grant-Hall is an individual who resides in Cook County.

6.     Plaintiff Paul J. Asiama is an individual who resides in Cook County.

7.     Plaintiff Cornelius Gray is an individual who resides in Will County.

8.     Plaintiff Jena Perry is an individual who resides in Cook County.

9.     Plaintiff James M. Klima is an individual who resides in Will County.

10.     Defendant Cavalry is a limited liability company chartered under Delaware law which does business in Illinois.  Its principal place of business is located at 4050 East Cotton Center, Building 2, Suite 20, Phoenix, AZ 85040.   Its registered agent and office is CT Corporation System, 208 S. LaSalle Street, Suite 814, Chicago, IL 60604.

11.     Cavalry is engaged in the business of a collection agency.

12.     Cavalry is a licensee under the Illinois Collection Agency Act, 225 ILCS 425/1 et seq.

13.     Cavalry has filed thousands of lawsuits in Illinois courts against Illinois residents.

14.     During November 2010 alone, Cavalry filed more than 300 lawsuits in the Circuit Court of Cook County, as well as other lawsuits in other Illinois courts.  See Appendix A.

15.     Cavalry uses the mails and telephone system in conducting its business.

2

16.     Defendant Kelly is a law firm organized as an Illinois professional corporation with offices at 10 East 22nd Street, Suite 216, Lombard, IL 60148.

17.     The practice of Kelly consists of the collection of alleged consumer debts owed (if at all) to others.

18.     Kelly uses the mails and telephone system in conducting its business.

19.     Kelly, Adler, and Shindler file collection lawsuits in Illinois on behalf of Cavalry.

20.     On information and belief, Kelly, Adler, and Shindler represent Cavalry in most of the lawsuits Cavalry files in Illinois Cook County.

21.     Defendant Adler is a law firm organized as an Illinois professional corporation with offices at 25 E. Washington, Suite 500, Chicago, IL 60602.

22.     The practice of Adler consists of the collection of alleged consumer debts owed (if at all) to others.

23.     Adler uses the mails and telephone system in conducting its business.

24.     Adler regularly files collection lawsuits in Illinois on behalf of Cavalry.

25.     Defendant Shindler is a law firm organized as an Illinois professional corporation with offices at 1990 E. Algonquin Rd., Suite 180, Schaumburg, IL 60173.  Its registered agent and office is Kenneth A. Goldstein, 500 W. Madison St., Suite 3700, Chicago, IL 60661.

26.     The practice of Shindler consists of the collection of alleged consumer debts owed (if at all) to others.

27.     Shindler uses the mails and telephone system in conducting its business.

28.     Shindler  regularly files collection lawsuits in Illinois on behalf of Cavalry.

**FACTS**

29.     On or about September 9, 2010, defendant Kelly, sent plaintiff Carole

3

Grant-Hall the letter attached as <u>Appendix B</u> on behalf of Cavalry Portfolio Services, LLC, stating that "I will be entitled to file a lawsuit against you for the collection of this debt when the week is over."

30.     The alleged debt that was the subject of <u>Appendix B</u> was incurred for personal, family, or household purposes and not business purposes.

31.     Cavalry collects consumer debts, not business debts.

32.     <u>Appendix B</u> is a standard form letter that defendant Kelly, sends to consumers on behalf of Cavalry.

33.     On November 9, 2010, Cavalry, represented by Kelly, filed suit against plaintiff Carole Grant-Hall to collect an alleged charge account debt.  A copy of the complaint and exhibits is attached as <u>Appendix C</u>.

34.     On November 5, 2010, Cavalry, represented by Kelly, filed suit against plaintiff Paul J. Asiama to collect an alleged charge account debt.  A copy of the complaint and exhibits is attached as <u>Appendix D</u>.

35.     On January 19, 2011, Cavalry, represented by Adler, filed suit against plaintiff Cornelius Gray to collect an alleged charge account debt.  A copy of the complaint and exhibits is attached as <u>Appendix G</u>

36.     On July 20, 2010, Cavalry, represented by Shindler, filed suit against plaintiff Jena Perry to collect an alleged charge account debt.  A copy of the complaint and exhibits is attached as <u>Appendix H</u>.

37.     On March 2, 2012, Cavalry, represented by Shindler, filed suit against plaintiff James M. Klima to collect an alleged charge account debt. A copy of the complaint and exhibits is attached as <u>Appendix I</u>.

38.     The complaints filed against Plaintiff Grant-Hall and Plaintiff Asiama each alleged (par. 3) that Cavalry  "is the successor in interest of said charge account . . . having purchased said account in good faith, for value and in the regular course of business."

4

39. The complaint filed against Plaintiff Gray alleged that Cavalry "issued to Defendant(s) a certain credit card/revolving charge (open end consumer credit) account."

40. The complaint filed against Plaintiff Perry alleged that Cavalry "is the assignee and bona fide owner of Defendant's credit card or line of credit account."

41. The complaint filed against Plaintiff Klima alleged that Cavalry "assigned its right [sic] to pursue collection of defendant's account to Plaintiff pursuant to a written assignment in conformity with the Illinois Collection Agency Act, 225 ILCS 425/8b."

42. Attached to each complaint was an "affidavit of claim" which stated that only "the servicing and collection rights for the account were assigned . . . to Cavalry."

43. Also attached to the complaint against Carole Grant-Hall, Appendix C, was an "assignment" in which Cavalry SPV I, LLC "hereby transfers and assigns [sic] to Cavalry... all of Assignor's rights to pursue collection and judicial enforcement of obligations under each of the Assignor's accounts purchased pursuant to that Purchase Agreement dated July 10, 2009... including engagement of attorneys and commencement of legal actions reasonably required to enforce said obligations...."

44. Also attached to the complaint against Paul J. Asiama, Appendix D, was an "assignment" in which Cavalry SPV I, LLC "hereby transfers and assigns [sic] to Cavalry... all of Assignor's rights to pursue collection and judicial enforcement of obligations under each of the Assignor's accounts purchased pursuant to that Purchase Agreement dated January 14, 2010... including engagement of attorneys and commencement of legal actions reasonably required to enforce said obligations...."

45. On information and belief, the "assignments" for the debts of Cornelius Gray, Jena Perry, and James M. Klima contained similar language as the "assignments" attached to the complaints against Carole Grant-Hall and Paul J. Asiama.

46. Nothing in any "assignment" purports to transfer title to any alleged debt to Cavalry.

5

47.     Nothing in either the Grant-Hall nor the Asiama "assignment" specifies, by name, account number, or other unique identifiers, the particular debts that are supposedly being transferred, without the need for testimony to associate particular assets with the "assignment." For this reason, plaintiffs allege that the document does not qualify as an "assignment" at all.

48.     Nothing in either the Grant-Hall nor the Asiama "assignment" purports to state the consideration for the transfer, either as a dollar amount or percentage.

49.      On information and belief, nothing in either the Gray, the Perry, nor the Klima "assignment" purports to state the consideration for the transfer, either as a dollar amount or percentage.

50.     The "assignment" attached to the collection complaints filed against plaintiffs is a standard form relied upon by Cavalry in Illinois. If any assignment at all is attached to a Cavalry complaint, it is this form.

51.     The "affidavit of claim" attached to the collection complaints filed against plaintiffs is a standard form attached to all collection cases by Cavalry in Illinois.

52.     In all cases in which Cavalry files or threatens  suit against an Illinois resident, only "the servicing and collection rights for the account were assigned [sic] . . . to Cavalry."

53.     On January 18, 2011, plaintiff Carole Grant-Hall filed a motion (Appendix E) referring to the problems with the "assignment," and noticed it for presentment on January 27, 2011.

54.     On January 27, 2011, before the motion could be heard, Cavalry Portfolio Services, LLC nonsuited the collection case (Appendix F).

55.     On February 7, 2011, Cavalry non-suited the collection case against plaintiff Paul J. Asiama.

56.     On September 27, 2010, Cavalry dismissed the collection case against

6

plaintiff Jena Perry per agreement of the parties.

57.     On June 13, 2011, Cavalry non-suited the collection case against plaintiff Cornelius Gray.

58.     As of the filing of this amended complaint, the collection case against plaintiff James M. Klima is still pending.

58.     Plaintiffs were required to expend time and money retaining counsel and defending the collection lawsuits.

## ILLEGALITY OF SUITS FILED BY CAVALRY PORTFOLIO SERVICES

59.     The exclusive means whereby a collection agency can file a lawsuit in Illinois in its own name on a debt that it does not beneficially own is pursuant to §8b  of the Collection Agency Act, 225 ILCS 425/8b.

60.     Section 8b provides:

**§ 225 ILCS 425/8b.  Assignment for collection**

**Sec. 8b. An account may be assigned to a collection agency for collection with title passing to the collection agency to enable collection of the account in the agency's name as assignee for the creditor provided:**

**(a) The assignment is manifested by a written agreement, separate from and in addition to any document intended for the purpose of listing a debt with a collection agency. The document manifesting the assignment shall specifically state and include:**

**(I) the effective date of the assignment; and**

**(ii) the consideration for the assignment.**

**(b) The consideration for the assignment may be paid or given either before or after the effective date of the assignment. The consideration may be contingent upon the settlement or outcome of litigation and if the claim being assigned has been listed with the collection agency as an account for collection, the consideration for assignment may be the same as the fee for collection.**

**(c) All assignments shall be voluntary and properly executed and acknowledged by the corporate authority or individual transferring title to the collection agency before any action can be taken in the name of the collection agency.**

7

**(d) No assignment shall be required by any agreement to list a debt with a collection agency as an account for collection.**

**(e) No litigation shall commence in the name of the licensee as plaintiff unless: (I) there is an assignment of the account that satisfies the requirements of this Section and (ii) the licensee is represented by a licensed attorney at law. . . .**

61.     Section 8b expressly makes compliance a precondition to the filing of litigation in the name of the collection agency licensee.  Noncompliance with ICAA §8b entitles the defendant in the collection suit to judgment in his or her favor. *Business Service Bureau, Inc. v. Webster*, 298 Ill. App. 3d 257, 698 N.E.2d 702 (4th Dist. 1998).

62.     None of the lawsuits filed or threatened against Illinois residents by defendants was based on an assignment that complied with ICAA §8b.

63.     The commencement of a lawsuit by a collection agency without compliance with ICAA §8b constitutes the unauthorized practice of law.

## COUNT I – ILLINOIS COLLECTION AGENCY ACT

64.     Plaintiffs incorporate paragraphs 1-63.

65.     This claim is against Cavalry.

66.     Defendant is a "collection agency" as defined in the ICAA.

67.     Defendant violated 225 ILCS 425/8b by filing suit without an assignment in the form specified therein.

68.     Defendant violated the following provisions of 225 ILCS 425/9:

**. . . (20) Attempting or threatening to enforce a right or remedy with knowledge or reason to know that the right or remedy does not exist. . . .**

69.     A private right of action exists for violation of the ICAA.  *Sherman v. Field Clinic,* 74 Ill. App. 3d 21, 392 N.E.2d 154 (1st Dist. 1979).

## CLASS ALLEGATIONS

70.     Plaintiff Carole Grant-Hall brings this claim on behalf of Class A. All Plaintiffs bring this claim on behalf of Class B.

71.     Class A consists of all persons with Illinois addresses who were sent a

letter in the form of <u>Appendix B</u> by Kelly on behalf of Cavalry, on or after a date five years prior to the filing of this action.

72.     Class B consists of all persons who were sued by Cavalry in an Illinois court on or after a date five years prior to the filing of this action.

73.     Each class is so numerous that joinder of all members is impracticable. <u>Appendix A</u> lists 1,000 members of Class B, and is a fraction of the class membership (the Circuit Court website only allows retrieval of the last 1,000 cases filed by Cavalry).  About half of the persons on <u>Appendix A</u> (those sued by Kelly), as well as  many others who are not listed or were not sued, were sent a letter in the form of <u>Appendix B</u>.

74.      There are questions of law and fact common to the class members, which questions predominate over any questions affecting only individual class members.  The predominant common questions are:

> a.      Whether Cavalry or its agents filed or threatened lawsuits without compliance with ICAA  §8b;
>
> b.      The legal effect of noncompliance;
>
> c.      Whether the filing of lawsuits without compliance with ICAA  §8b constitutes the unauthorized practice of law; and
>
> d.      Whether the proceedings in such lawsuits are void.

75.     Plaintiffs will fairly and adequately represent the members of the class.  Plaintiff have retained counsel experienced in the prosecution of consumer credit claims and class actions.

76.     Plaintiffs' claims are typical of the claims of the class members.  All are based on the same legal and factual issues.

77.     A class action is an appropriate means for the fair and efficient

prosecution of this litigation. Classwide liability is essential to cause defendants to stop the improper conduct. Many class members may be unaware that they have been victims of illegal conduct.

WHEREFORE, plaintiffs request that the Court enter judgment in plaintiffs' favor and in favor of the class:

(1)    For appropriate compensatory, punitive, and nominal damages;

(2)    For injunctive relief against further violations;

(3)    Declaring void  all proceedings in the lawsuits at issue;

(4)    Requiring restitution of all funds obtained through such legal proceedings;

(5)    Awarding costs; and

(6)    Granting such other or further relief as is appropriate.

## COUNT II  --  ILLINOIS CONSUMER FRAUD ACT

78.    Plaintiffs incorporate paragraphs 1-58.

79.    This claim is against Cavalry.

80.    Defendant engaged in unfair and deceptive acts and practices, in violation of  815 ILCS 505/2, by:

a.    Filing and threatening lawsuits it was specifically prohibited from bringing by the ICAA; and

b.    Misrepresenting to consumers and courts that it had the right to file suit.

81.    Defendant engaged in such conduct in the course of trade and commerce.

82.    Defendant engaged in such conduct for the purpose of depriving plaintiffs and the class members of their money.

10

## CLASS ALLEGATIONS

83. Plaintiff Carole Grant-Hall brings this claim on behalf of Class C. All Plaintiffs bring this claim on behalf of Class D.

84. Class C consists of all persons with Illinois addresses who were sent a letter in the form of Appendix B by Kelly on behalf of Cavalry, on or after a date 3 years prior to the filing of this action.

85. Class D consists of all persons who were sued by Cavalry in an Illinois court on or after a date 3 years prior to the filing of this action.

86. Each class is so numerous that joinder of all members is impracticable. Appendix A lists 1,000 members of Class D, and is a fraction of the class membership (the Circuit Court website only allows retrieval of the last 1,000 cases filed by Cavalry). About half of the persons on Appendix A (those sued by Kelly), as well as many others who are not listed or were not sued, were sent a letter in the form of Appendix B.

87. There are questions of law and fact common to the class members, which questions predominate over any questions affecting only individual class members. The predominant common questions are:

       a.     Whether Cavalry or its agents filed or threatened lawsuits without compliance with ICAA §8b; and

       b.     Whether such conduct is unfair or deceptive.

88. Plaintiffs will fairly and adequately represent the members of the class. Plaintiffs have retained counsel experienced in the prosecution of consumer credit claims and class actions.

89. Plaintiffs' claims are typical of the claims of the class members. All are based on the same legal and factual issues.

90. A class action is an appropriate means for the fair and efficient

prosecution of this litigation.  Classwide liability is essential to cause defendants to stop the improper conduct.  Many class members may be unaware that they have been victims of illegal conduct.

WHEREFORE, plaintiffs request that the Court enter judgment in plaintiffs' favor and in favor of the class:

(1)  For appropriate compensatory, punitive and nominal damages;

(2)  For injunctive relief against further violations;

(3)  Declaring void  all proceedings in the lawsuits at issue;

(4)  Requiring restitution of all funds obtained through such legal proceedings;

(5)  Awarding attorney's fees, litigation expenses and costs; and

(6)  Granting such other or further relief as is appropriate.

## COUNT III  -- FAIR DEBT COLLECTION PRACTICES ACT

91.  Plaintiffs incorporate paragraphs 1-41.

92.  This claim is against all defendants.

93.  Defendants engaged in unfair and deceptive acts and practices, in violation of 15 U.S.C. §§1692e and 1692f, by:

a.  Filing and threatening lawsuits they were specifically prohibited from bringing by the ICAA; and

b.  Misrepresenting to consumers and courts that it had the right to file suit.

94.  Section 1692e provides:

**§ 1692e.  False or misleading representations**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.**

> **Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> > **(2) The false representation of–**
> >
> > > **(A) the character, amount, or legal status of any debt; . . .**
> >
> > **(5) The threat to take any action that cannot legally be taken or that is not intended to be taken.**
> >
> > **(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

95.     Section 1692f provides:

**§ 1692f.  Unfair practices**

**A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. . . .**

## CLASS ALLEGATIONS

96.     Plaintiff Carole Grant-Hall brings this claim on behalf of Class E.  All Plaintiffs bring this claim on behalf of Class F.

97.     Class E consists of all persons with Illinois addresses who were sent a letter in the form of <u>Appendix B</u> by Kelly on behalf of Cavalry, on or after a date 1 year prior to the filing of this action.

98.     Class F consists of all persons who were sued by Cavalry in an Illinois court on or after a date 1 year prior to the filing of this action.  There are three sub-classes:

Class F.1. consists of all persons who were sued by Kelly on behalf of Cavalry in an Illinois court on or after a date 1 year prior to the filing of this action.

Class F.2. consists of all persons who were sued by Adler on behalf of Cavalry in an Illinois court on or after a date 1 year prior to the filing of this action.

Class F.3. consists of all persons who were sued by Shindler on behalf of Cavalry in an Illinois court on or after a date 1 year prior to the filing of this action.

99.     Each class is so  numerous that joinder of all members is impracticable.

Appendix A lists 1,000 members of Class F, and is a fraction of the class membership (the Circuit Court website only allows retrieval of the last 1,000 cases filed by Cavalry). About half of the persons on Appendix A (those sued by Kelly), as well as  many others who are not listed or were not sued, were sent a letter in the form of Appendix B.

        100.    There are questions of law and fact common to the class members, which questions predominate over any questions affecting only individual class members.  The predominant common questions are:

> a.     Whether Cavalry or its agents filed or threatened lawsuits without compliance with ICAA  §8b; and
>
> b.     Whether such conduct is unfair or deceptive.

        101.    Plaintiffs will fairly and adequately represent the members of the class. Plaintiffs have retained counsel experienced in the prosecution of consumer credit claims and class actions.

        102.    Plaintiffs' claims are typical of the claims of the class members.  All are based on the same legal and factual issues.

        103.    A class action is an appropriate means for the fair and efficient prosecution of this litigation.  Classwide liability is essential to cause defendants to stop the improper conduct.  Many class members may be unaware that they have been victims of illegal conduct.

        WHEREFORE, plaintiffs request that the Court enter judgment in plaintiffs' favor and in favor of the class:

> (1)     For appropriate compensatory and statutory damages (15 U.S.C.  §1692k);
>
> (2)     Awarding attorney's fees, litigation expenses and costs; and
>
> (3)     Granting such other or further relief as is appropriate.

                                                            s/ Daniel A. Edelman
                                                            Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Catherine A. Ceko
EDELMAN, COMBS, LATTURNER
        & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

15

## CERTIFICATE OF SERVICE

       I, Daniel A. Edelman, hereby certify that on May 15, 2012, I caused to be filed the foregoing documents via the CM/ECF System which sent notice to the following parties:

| | |
|---|---|
| Alexandria Lyubov Bell<br>bella@jbltd.com | Rachel H. Krayer<br>rhk@merlolaw.com |
| James Anthony Carozza<br>tony.carozza@brg-law.net | Ohn Park<br>ohn.park@rsg-law.net |
| Anna-Katrina S. Christakis<br>kchristakis@gradypilgrim.com | Jack T. Riley<br>rileyj@jbltd.com |
| Raechelle D. Norman<br>rnorman@gradypilgrim.com | Edward F. Ruberry<br>ed.ruberry@rsg-law.net |
| Thomas D. Donofrio<br>tdd@merlolaw.com | Martin Kanofsky<br>mak@merlolaw.com |
| Thomas Edward Sarikas<br>tes@merlolaw.com | Keith S. Shindler<br>keith@shindlerlaw.com |

                                              s/ Daniel A. Edelman
                                              Daniel A. Edelman